# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRADLY CUNNINGHAM**, | Case No. 6:17-cv-109-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MELISSA DAVIDSON**, an individual; **MICHELLE DODSON**, an individual; **DENISE FJORDBECK**, an individual; and **JANE OR JOHN DOES 1-20**; all in their individual capacities, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Bradly Cunningham is a prisoner currently incarcerated at the Oregon State Penitentiary. At the times relevant to this complaint, Defendant Melissa Davidson was the Oregon Department of Corrections ("ODOC") law library coordinator, Defendant Michelle Dodson was an executive assistant at ODOC, and Defendant Fjordbeck was a Senior Assistant Attorney General with the Oregon Department of Justice who represented Defendants Davidson and Dodson in earlier state actions brought by Plaintiff. Plaintiff alleges that Defendants intercepted, read, and copied his mail, including privileged mail between him and his attorney.

ECF 2. The Court construes Plaintiff's complaint as bringing a claim under 42 U.S.C. § 1983, asserting violations of his rights under the First, Fifth, Sixth, and Fourteenth Amendments.

On September 5, 2017, Defendants filed a motion for summary judgment (ECF 28) and a motion to stay discovery pending resolution of their motion for summary judgment (ECF 30). On September 22, 2017, Plaintiff filed a motion requesting additional time for discovery to support his response to Plaintiffs' motion for summary judgment, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ECF 44. On October 24, 2017, the Court granted limited discovery relating to whether Plaintiff's complaint was time-barred, precluded under the doctrine of *res judicata*, or barred for failure to exhaust administrative remedies. Following this limited discovery, Plaintiff filed a supplemental response to Defendant's motion for summary judgment, to which Defendants replied. Before the Court is Defendant's motion for summary judgment, as well as Plaitniff's two motions to compel (ECF 24 and 39) and a motion for leave to file an amended complaint (ECF 60).

**STANDARDS**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## DISCUSSION

Defendants argue for summary judgment on five alternative grounds:

> (1) Plaintiff failed to exhaust all of his available administrative/grievance remedies as to his claim in his civil rights complaint before filing this action against Defendants;
> (2) Plaintiff's claim is barred by statute of limitations;
> (3) Plaintiff's claim in his civil rights complaint is barred by the doctrine of *res judicata* or claim preclusion; . . . [(4)] Defendant Denise Fjordbeck is shielded from liability by the doctrine of absolute immunity; and [(5)] Defendants are shielded from liability by the doctrine of qualified immunity.

Because the Court finds that this action can be resolved in its entirety on grounds (2), (3) and (4), this Order does not reach the questions of administrative exhaustion and qualified immunity.

### A. *Res judicata* and Statute of Limitations

Defendants argue that Plaintiff's complaint is barred under the doctrine of *res judicata*, because Plaintiff has already litigated a claim based on facts nearly identical to those alleged in this case. The doctrine of *res judicata* bars plaintiffs from relitigating controversies that have been decided on the merits by a court of competent jurisdiction. Actions must be dismissed under the doctrine of *res judicata* where "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).

On August 15, 2013, Plaintiff filed in Marion County Circuit Court a "Motion for Order to Direct Defendants to Return Work Product." Plaintiff's motion was directed against Defendants Davidson and Dodson. In his state motion, Plaintiff made allegations substantially

PAGE 3 – ORDER

identical to those made in the pending case, demanding the return of materials sent in CD format that had been confiscated by Defendants Davidson and Dodson. ECF 29 at 34-36. The demand for the return of these materials appears to be related to a lawsuit that had been filed in 2012. On October 14, 2013, Marion County Circuit Court Judge Dennis Graves issued a letter opinion finding that, after numerous pleadings and appeals, Plaintiff had "failed to set forth a claim that has any legal merit." Judgment was entered dismissing that suit in December 2013. ECF 29 at 41.

On November 18, 2013, Plaintiff filed a different action in Marion County Circuit Court seeking declaratory judgment against Defendants Davidson and Dodson. In his complaint, Plaintiff alleged that Defendants Davidson and Dodson had illegally "taken, read, copied and destroyed" Plaintiff's legal mail. ECF 29 at 6-9. The allegations made in the November 18, 2013 action are substantially identical to the allegations that Plaintiff makes in this action, as well as the allegations that Plaintiff made in the action dismissed by Judge Graves. On February 23, 2015, following oral argument, Marion County Circuit Court Judge David Leith granted the defendants' motion to dismiss in the November 2013 action. ECF 29 at 21-22.

Plaintiff's complaint contains no dates sufficient to determine when the alleged mishandling of his mail took place, but it does make passing reference to the 2013 state lawsuit. Despite the fact that Plaintiff's allegations in this action appear identical to Plaintiff's allegations in his two earlier state actions, the Court granted limited discovery for Plaintiff to establish whether Defendants' alleged mishandling of Plaintiff's mail occurred at any time after November 18, 2013—the date on which Defendant filed his last state lawsuit. Following discovery, however, Plaintiff has presented no evidence that the alleged mishandling of mail constituting the basis of his complaint is different from the alleged mishandling of mail that

constituted the basis of his previous state actions. In response to Defendants' argument that this action should be dismissed under the doctrine of *res judicata*, Plaintiff responds only that the dispute has not been adjudicated. As described above, however, Plaintiff's dispute with Defendants Dodson and Davidson regarding their alleged opening of his legal mail before November 18, 2013 has been adjudicated on the merits in Marion County Circuit Court. Plaintiff's claims against Defendants Dodson and Davidson based on their alleged mishandling of Plaintiff's mail before November 18, 2013 are therefore dismissed under the doctrine of *res judicata*.

Defendants, however, also refer to an incident related to Plaintiff's mail that occurred after the November 18, 2013 action was filed. On January 2, 2014, Plaintiff sent a communication form to Defendant Dodson, asking her to return the legal mail that she had opened. ECF 66 at 9. The communication appears related to a CD containing Plaintiff's book manuscript that Plaintiff's lawyer had sent to Defendant Davidson at the prison law library. The mail containing the CD was addressed to Davidson but intended for Plaintiff. ECF 66 at 6-8. Because Plaintiff already had a copy of the manuscript on the CD, Defendant Dodson returned it to Plaintiff's attorney. ECF 66 at 10.

To the extent that Plaintiff's claims are based on the January 2014 incident, however, they are time-barred. The statute of limitations for § 1983 actions are determined by the relevant state personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In Oregon, that statute is Or. Rev. Stat. § 12.110, which imposes a two-year statute of limitations. *Sanok v. Grimes*, 306 Or. 259, 262-63 (1988) (*en banc*); *see also Sain v. City of Bend*, 309 F.3d

1134, 1139 (9th Cir. 2002). Because Plaintiff filed his complaint on January 19, 2017,[1] the alleged misconduct supporting his claims must have occurred after January 19, 2015 in order for his claims to be timely under the Oregon statute of limitations.

Plaintiff does not contest that the alleged misconduct took place outside of the statute of limitations period. He argues, rather, that the statute of limitations should be equitably tolled. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance[s] stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Besides the communication that Plaintiff sent to Defendant Davidson on January 2, 2014, Plaintiff presents no evidence that he has been pursuing his rights diligently. Nor does he present evidence of an extraordinary circumstance that has stood in his way. Although the Court notes the difficulties of pursuing a legal action while incarcerated, incarceration is generally not in itself an extraordinary circumstance sufficient to justify equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (finding that ordinary prison limitations on access to a law library and other resources are not sufficiently extraordinary to justify equitable tolling). Because Plaintiff has not demonstrated that equitable tolling is appropriate in this case, to the extent that the January 2014 incident forms the basis of Plaintiff's complaint, his claim is time-barred.

**B. Defendant Fjordbeck**

Defendant Fjordbeck was not a party to Plaintiff's earlier state litigation. Plaintiff alleges that Defendant Fjordbeck, who is a Senior Assistant Attorney General at the Oregon Department of Justice, received Plaintiff's stolen mail during the course of her representing Defendants

---

[1] Plaintiff's complaint was docketed on January 23, 2017, but signed on January 19, 2017. The Court uses the earlier date for purposes of the statute of limitations, taking into consideration Plaintiff's incarceration.

Davidson and Dodson during the appellate proceedings in Plaintiff's state litigation. Defendants argue that Plaintiff's complaint against Defendant Fjordbeck should be dismissed because she is entitled to absolute immunity for actions taken while discharging her litigation-related duties. *See Read v. Haley*, 2013 WL 1562938, at *9 (D. Or. Apr. 10, 2013) ("An attorney in the Attorney General's Office is immune from lawsuits for any action he commits while discharging his official litigation-related duties, whether sued in his official or individual capacity.") (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)). Plaintiff responds that the defense of absolute immunity is not available to Defendant Fjordbeck because she was acting outside of her official duties and was "only seeking to humiliate and embarrass" the defendant when she provided the Oregon Court of Appeals with a copy of his unfinished manuscript. Plaintiff, however, presents no evidence or argument to support his claim that Defendant Fjordbeck was acting outside of her official litigation-related duties. Thus, to the extent that Plaintiff's claims against Defendant Fjordbeck are based on actions that she took during the course of her representation of Defendants Davidson and Dodson, they are barred.

**C. Remaining Motions**

On January 18, 2018, Plaintiff filed a motion for leave to amend his complaint. ECF 60. The proposed first amended complaint that was attached to the motion included four additional defendants and numerous allegations largely unrelated to Plaintiff's original complaint. Although courts should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), they consider the following factors when determining whether amendment is appropriate: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (quoting *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991)).

Plaintiff's proposed amendment is futile and unduly delayed. The proposed first amended complaint contains no dates or allegations suggesting that the conduct underlying his complaint is not barred by *res judicata* or the statute of limitations. There is thus little chance that Plaintiff would succeed on his proposed amended complaint, given the grounds on which Plaintiff's current complaint fails. Plaintiff's request for leave to amend is also unduly delayed. Although Plaintiff argues in his reply to Defendant's objection that the complaint contains allegations of conduct that he learned about only after having conducted discovery in this case, there is no evidence that this is the case. The parties were granted limited discovery only on matters relating to the statute of limitations, *res judicata*, and administrative exhaustion. Plaintiff has presented no evidence from this discovery that is relevant to the new allegations in his proposed amended complaint. It is thus reasonable to assume that the new allegations were known to Plaintiff before dispositive motions and discovery were undertaken in this case. Granting Plaintiff leave to replead, therefore, is not in the interest of justice.

## CONCLUSION

Plaintiff's Motion for Leave (ECF 60) is DENIED. Defendants' Motion for Summary Judgment (ECF 28) is GRANTED. Plaintiff's Motion to Compel (ECF 39) and Plaintiff's Motion to Compel and Motion for Imposition of Sanctions (ECF 24) are DENIED as moot. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 16th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge